

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,624 & AP-76,625

### EX PARTE AGUSTIN MORA, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
## CAUSE NOS. F06-62165-U AND F06-62166-U IN THE 291st DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was twice convicted of possession of a controlled substance with intent to deliver and he was sentenced to fifteen years' imprisonment in each cause.

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The trial court has determined, based upon the record, that trial counsel failed to timely file

a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. F06-62165-U and F06-62166-U from the 291st Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if these sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file his written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

The Applicant's remaining claims are dismissed.

Delivered: September 14, 2011
Do Not Publish